948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth "Kenny" RATLIFF, Petitioner-Appellant,
v.
Steve SMITH, Warden, Luther Luckett Correctional Facility,
Respondent-Appellee.
 No. 91-5882.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Petitioner, Kenneth "Kenny" Ratliff, who is represented by counsel, appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On October 29, 1987, petitioner and co-defendant Rhonda Holbrook were indicted by a Pike County Grand Jury for the murder and first degree criminal abuse of co-defendant's three-year old daughter. Their joint trial began in the Pike County Circuit Court on November 7, 1988. Two days into trial, co-defendant Holbrook pleaded guilty to second degree criminal abuse and all other charges against her were dismissed. The trial against petitioner, however, continued. On November 15, 1988, petitioner was convicted of murder and sentenced to life imprisonment. Petitioner appealed the conviction to the Supreme Court of Kentucky, and by judgment dated April 26, 1990, the Supreme Court affirmed petitioner's conviction.
 
 
 4
 On October 12, 1990, petitioner filed his petition for federal habeas corpus relief. He asserted that he received ineffective assistance of counsel at the penalty phase of his trial and that the trial court abused its discretion by not declaring a mistrial. On April 1, 1991, a magistrate judge issued a report recommending that petitioner's § 2254 petition be dismissed sua sponte without prejudice to his right to seek habeas review after exhausting his available state court remedies. Each party, filing timely objections to the report and recommendation, established that further pursuit of state court remedies would be futile. Accordingly, the matter was remanded to the magistrate judge for review on the merits.
 
 
 5
 On June 7, 1991, the magistrate judge issued a report recommending that the petition be denied on the merits. Despite petitioner's timely objections, the district court denied the petition in an order entered July 10, 1991. This appeal followed.
 
 
 6
 Upon review, we conclude that the district court properly denied petitioner's habeas petition as petitioner was not denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation